IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRETT L. SHARP, # N-38007,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 13-cv-291-GPM** |
| | ) | |
| **C/O EOVARDE, TIMOTHY R. VEATH,** | ) | |
| **C/O SHURTZ, C/O GOUSH,** | ) | |
| **C/O REID, DAVID REDNOUR,** | ) | |
| **BRANDON M. ANTHONY,** | ) | |
| **TRACY GRUBER HARRINGTON,** | ) | |
| **SARAH JOHNSON,** | ) | |
| **and BARB MULLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Brett Sharp is currently incarcerated at Menard Correctional Center ("Menard"), and serving a life sentence for home invasion, burglary, and aggravated criminal sexual assault. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The case is now before the Court for a threshold review of the complaint under 28 U.S.C. § 1915A.

Plaintiff claims that he was beaten by some of the Defendants, found guilty of false disciplinary charges, subjected to unsanitary cell conditions, and his legal property was destroyed. More specifically, Plaintiff claims that on March 24, 2011, Defendant Eovarde and another correctional officer searched his cell (Doc. 1, p. 7-8). During the search, Defendant Eovarde claimed to have found pornographic photographs among Plaintiff's belongings, and sent him to segregation (Doc. 1, p. 8). Plaintiff asked to bring his legal documents with him, which included a post-conviction petition in a sealed envelope ready to mail for an upcoming court

deadline, but Defendant Eovarde refused (Doc. 1, p. 8).  Defendant Eovarde and Plaintiff had a previous run-in in May 2008; Plaintiff claimed Defendant Eovarde assaulted him, and Plaintiff pursued a grievance over that incident (Doc. 1, p. 7).  Defendant Eovarde told Plaintiff he remembered him from the prior incident in May 2008, and Plaintiff "would never be safe in any cell house that he worked in" (Doc. 1, p. 9).  Plaintiff later discovered, upon receiving his property on March 25, 2011, that his post-conviction petition was missing, and that Defendant Eovarde had thrown it into the trash (Doc. 1, p. 12).

Immediately after the cell search on March 24, 2011, Plaintiff was strip searched, cuffed, and taken to segregation (Doc. 1, p. 9).  When Plaintiff entered the cell, Defendants Shurtz and Goush slammed his face into the concrete wall, and then hit, kicked, and kneed him while Defendant Reid watched (Doc. 1, p. 9).  When they finished beating him, Plaintiff asked to be taken for medical treatment, but was refused (Doc. 1, p. 10).  He filled out a sick call request slip the next morning, but unnamed officers refused to pick it up (Doc. 1, p. 10).  Plaintiff obtained the help of another inmate who wrote to Plaintiff's family to inform them of the incident (Doc. 1, p. 10).  During the next several days, Defendants Shurtz, Goush, and Reid came by Plaintiff's cell several times daily to call him a child molester (Doc. 1, p. 12).  This accusation was repeated so that other inmates could hear it, causing Plaintiff to fear for his life (Doc. 1, p. 12).

On March 25, 2011, Officer Spiller (who is not a named Defendant) told Plaintiff he would be charged for possessing child pornography (Doc. 1, p. 10).  After Plaintiff told Officer Spiller of the beating and lack of medical care, Officer Spiller told Plaintiff he intended to have Plaintiff killed before he was released from segregation (Doc. 1, p. 10).

On April 1, 2011, Defendant Muller, a counselor, informed Plaintiff that she had been contacted by Plaintiff's family about the assault, and would have Defendant Veath investigate

(Doc. 1, p. 11).  Plaintiff was taken to see Defendant Veath, who arranged for Plaintiff to receive medical care (Doc. 1, p. 11).  Plaintiff also complained to him about the unclean conditions in his cell, which included dried blood and urine on the mattress (Doc. 1, p. 11).  Further, officers had refused to provide him with toilet paper, toothpaste, toothbrush, washcloth, soap, or a towel (Doc. 1, pp. 11-12).  Defendant Veath checked Plaintiff's living area and had his staff give Plaintiff the needed items (Doc. 1, p. 12).

Defendant Veath informed Plaintiff that the "photos" confiscated from Plaintiff's cell were in fact cartoon drawings made by Plaintiff (Doc. 1, p. 13).  Plaintiff asserts the drawings were not pornographic as they did not depict any sexual organs (Doc. 1, p. 13).  When the matter came before the disciplinary committee, Officer Spiller claimed Plaintiff admitted he knew the drawings were pornographic and illegal (Doc. 1, p. 13).  Plaintiff denied making this statement (Doc. 1, p. 13; Doc. 1-3, pp. 1, 3).  Nonetheless, Plaintiff was found guilty of possessing child pornography and punished with three months segregation, and three months C-grade and commissary restriction (Doc. 1, pp. 13-14).

After Plaintiff finished serving his segregation time, he learned from Defendant Veath that the assault claim could not be substantiated, and no action would be taken against Defendants Shurtz, Goush, or Reid (Doc. 1, p. 14).  Defendant has continued to have severe back pain and problems since the beating, and medical staff has done nothing to help him (Doc. 1, p. 14).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff's complaint raises the following colorable federal causes of action:

**Count 1:**  Excessive force claim against Defendants Shurtz, Goush, Reid, and Eovarde,

for participating in, encouraging, and/or failing to intervene in the beating on March 24, 2011;

**Count 2:**  Claim for deliberate indifference to serious medical needs, against Defendants Shurtz, Goush, and Reid, for refusing medical assistance following the beating on March 24, 2011; and

**Count 3:**  Retaliation claim against Defendant Eovarde, following from Plaintiff's pursuit of a grievance against him after the May 2008 incident.

However, the complaint fails to state a claim upon which relief may be granted for denial of Plaintiff's access to the courts **(Count 4)**; deprivation of property without due process **(Count 5)**; punishment based on false disciplinary charges **(Count 6)**; unsanitary conditions in segregation **(Count 7)**; or the false labeling of Plaintiff as a child molester **(Count 8)**.  These claims shall be dismissed, as discussed below.  Further, Defendants Veath, Rednour, Anthony, Harrington, Johnson, and Muller shall be dismissed from the case.

## Count 4

As to Count 4 for denial of access to the courts, Plaintiff does not claim that he missed any court filing deadline or was unable to petition the court for relief as a result of Defendant Eovarde's actions in destroying Plaintiff's post-conviction petition.  In the absence of actual substantial prejudice to specific litigation, an inmate cannot maintain a constitutional claim for denial of access to the courts.  *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).  At this time, Count 4 shall be dismissed without prejudice.  However, if Plaintiff did in fact lose the opportunity to pursue his post-conviction claims as a result of Defendant Eovarde's actions, he may submit an amended complaint to present those allegations, as outlined below.  The amended complaint shall be subject to review pursuant to § 1915A.  If the amended complaint still fails to

state a claim, or if Plaintiff does not submit an amended complaint, the dismissal of Count 4 shall become a dismissal with prejudice.

**Count 5**

As to Count 5 for deprivation of property, the monetary loss to Plaintiff when the documents and postage-paid envelope were destroyed does not support a constitutional claim. Under the Fourteenth Amendment, an inmate has the right to be free from deprivations of his property by state actors without due process of law. However, because Illinois provides an adequate post-deprivation remedy, a civil rights claim under § 1983 cannot be maintained. 705 ILL. COMP. STAT. 505/8 (1995); *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy); *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (damages action in the Illinois Court of Claims is adequate post-deprivation remedy); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993). Accordingly, Count 5 shall be dismissed with prejudice

**Count 6**

As to Count 6, Plaintiff seeks monetary compensation for each day he spent in segregation as a result of the guilty finding on the disciplinary charges over possession of the allegedly pornographic drawings (Doc. 1, p. 6). However, a civil rights action cannot be maintained, nor can compensatory relief be granted, in connection with discipline imposed on a prisoner unless the disciplinary "conviction" is first invalidated or expunged. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "Under the rule of the *Heck* case, a civil rights suit cannot be maintained by a prisoner if a judgment in his favor would 'necessarily imply' that his conviction had been invalid, [*Heck*, 512 U.S. at 487], and for this purpose the ruling in a prison disciplinary proceeding is a conviction." *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011),

*citing Edwards v. Balisok*, 520 U.S. 641 (1997); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008).  Therefore, if a prisoner brings a civil rights claim based on a prison disciplinary ruling that still stands, the civil rights claim must be dismissed.  *Moore*, 652 F.3d. at 723, *citing Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).  In the instant case, Plaintiff's complaint does not indicate that the disciplinary action has been invalidated; to the contrary, he asks that it be removed from his records (Doc. 1, p. 6).

Additionally, Plaintiff's allegations do not reveal that he was denied any due process protections in connection with the hearing on the disciplinary charge.  In *Wolff v. McDonnell*, the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings that result in the loss of good time or confinement in disciplinary segregation.  418 U.S. 539, 556-572 (1974).  These protections include: 24-hour advance written notice of the charges; a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; the aid of a staff member or inmate in presenting a defense if the inmate is illiterate or the issues complex; an impartial tribunal; and a written statement of reasons for the decision. *Id.* at 564–67.  The findings of the disciplinary tribunal must also be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).  Even a meager amount of supporting evidence, such as the statement of a prison guard (even if contradicted by the inmate), is sufficient to satisfy this inquiry.  *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).  Plaintiff does not point to any aspect of the disciplinary proceedings that would indicate a denial of any of the due process protections outlined in *Wolff*. And even the allegedly false statement by Officer Spiller is sufficient evidentiary support to sustain the guilty finding.

Finally, even if there had been a flaw in the disciplinary proceeding, a three-month stay in segregation does not by itself trigger due process concerns, particularly in the context of Plaintiff's life sentence. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). Accordingly, Plaintiff is barred from bringing his § 1983 claim for punishment based on false disciplinary charges, and Count 6 shall be dismissed with prejudice.

## Count 7

As to Count 7 related to the condition of Plaintiff's segregation cell, the unsanitary mattress and lack of cleaning and hygiene supplies could give rise to a constitutional claim depending on the length of time he was forced to endure these conditions, and whether prison officials were aware of them. To state an Eighth Amendment claim, Plaintiff must first show that Defendant imposed conditions which denied him "the minimal civilized measures of life's necessities." *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006), *quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, temporary discomfort that does not result in physical harm will not implicate the constitution. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). Only substantial deprivations of basic human needs like food, medical care, sanitation, and physical safety will trigger Eighth Amendment scrutiny. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981).

In Plaintiff's case, it appears that he was deprived of supplies and a clean mattress for only about one week (from March 25 to April 1) before Defendant Veath remedied the situation. While certainly unpleasant, Plaintiff's circumstances were much less drastic than those in other cases where the courts have recognized an Eighth Amendment claim. *See, e.g., Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces);

*Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (summary judgment improper where inmate alleged he lived with "filth, leaking and inadequate plumbing, roaches, rodents, the constant smell of human waste, . . . [and] unfit water to drink"). Thus, the complaint does not amount to an objectively serious deprivation of constitutional dimensions. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (plaintiff deprived of toilet paper for five days; soap, toothbrush and toothpaste for 10 days; and who was kept in a "filthy" cell alleged only temporary neglect and his claims did not reach unconstitutional proportions).

Plaintiff also cannot show that Defendant acted with a culpable state of mind—that is that Defendant knew Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff does not identify any prison official who refused to correct the bad cell conditions despite being aware of a serious risk to Plaintiff's health. Instead, he notes that Defendant Veath ordered staff to provide Plaintiff with supplies as soon as Plaintiff made him aware of this need. The complaint fails to satisfy either the objective or the subjective component of an Eighth Amendment claim in Count 7, against Defendant Veath or any of the other Defendants. Therefore, Count 7 and Defendant Veath shall be dismissed with prejudice.

**Count 8**

Count 8 relates to Plaintiff's allegations that guards publicly accused him of being a child molester possibly in an effort to instigate an attack on him by other inmates. This occurred over a few days while Plaintiff was confined in segregation. In some circumstances, threatening speech may rise to the level of cruel and unusual punishment. *Dobbey v. Ill. Dept. of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009); *see, e.g., Irving v. Dormire*, 519 F.3d 442, 445, 449-50 (8th Cir. 2008) (pattern of conduct by defendant including allowing another inmate to attack plaintiff,

offering to pay other inmates to beat him, providing a weapon to an inmate to use against plaintiff, and labeling plaintiff a "snitch," coupled with repeated verbal death threats, stated a claim); *Northington v. Jackson*, 973 F.2d 1518, 1523-24 (10th Cir. 1992) (prisoner's allegation that correctional officer put a gun to his head and threatened to shoot him stated Eighth Amendment claim). Courts must apply an objective standard to determine whether a particular threat, given all the circumstances, may amount to a constitutional violation. *Dobbey*, 574 F.3d at 445. The pertinent inquiry is whether a "reasonable" victim would fear for his or her life as a result of the threat; not whether this plaintiff experienced actual fear. *Id.*, *citing Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Although Plaintiff claims that the comments by Defendants Shurtz, Goush, and Reid made him fearful of an attack, this happened at a time when Plaintiff was in segregation at the start of a three-month disciplinary confinement. Presumably, therefore, other inmates' access to Plaintiff was limited. He does not indicate that the threats continued beyond the first several days in segregation, or that he became the target of any threats or physical confrontation from any fellow inmates as a result. Based on the circumstances Plaintiff describes, the Court concludes that these verbal comments, unaccompanied by any other indicia of violence, were not sufficient to cause a reasonable plaintiff the level of fear that would constitute cruel and unusual punishment. Count 8 therefore fails to state a claim and shall be dismissed with prejudice.

**Defendants Muller, Rednour, Anthony, Harrington, Johnson, and Ashby**

Defendant Muller shall be dismissed from the action with prejudice. Plaintiff's allegations do not implicate her in any deprivation of his constitutional rights. Instead, as soon as she became aware of Plaintiff's allegations regarding the assault on him by Defendants Shurtz and Goush, she had him speak with Defendant Veath so that the matter could be investigated.

Although Plaintiff was not satisfied with the ensuing investigation, he has no claim against Defendant Muller merely because his accusations against Defendants Shurtz, Goush, and Reid were not substantiated.  The failure to satisfactorily resolve a grievance or complaint does not give rise to liability on the part of an individual who was not personally involved in the alleged deprivation of a constitutional right.  *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

Additionally, although Plaintiff names Rednour (former Menard Warden), Anthony (Committee Member), Harrington (Grievance Officer), and Johnson (Administrative Review Board official) as defendants, the body of the complaint includes no factual allegations of wrongdoing against these individuals.  Similarly, Plaintiff includes Jack Ashby as a Defendant and describes him as a "Committee Member" – but he was inadvertently omitted from the Court's docket sheet (Doc. 1, p. 2), and is not mentioned elsewhere in the complaint.  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Accordingly, Defendants Rednour, Anthony, Harrington, Johnson, and Ashby will be dismissed from this action without prejudice.

**Pending Motion**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States

Magistrate Judge Wilkerson for further consideration.

**Disposition**

      **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  **COUNTS 5, 6, 7 and 8** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

      Defendants **VEATH** and **MULLER** are **DISMISSED** from this action with prejudice. Defendants **REDNOUR, ANTHONY, HARRINGTON, JOHNSON,** and **ASHBY** are **DISMISSED** from the action without prejudice.

      **IT IS FURTHER ORDERED** that, should he wish to proceed on his access to court claim against Defendant Eovarde in **COUNT 4**, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support this claim, within 35 days of the entry of this order (on or before May 28, 2013).  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, and in addition to Count 4, must contain the allegations in Counts 1, 2, and 3, which shall receive further review as determined above.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of Count 4 becoming a dismissal with prejudice.  Review of Counts 1, 2, and 3 shall proceed whether or not Plaintiff submits an amended complaint.

      The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form, in order to assist him in preparing an amended complaint.

      The Clerk of Court shall prepare for Defendants **EOVARDE, SHURTZ, GOUSH,** and

**REID**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate

Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  April 23, 2013


s/ *G. Patrick Murphy*

G. PATRICK MURPHY
United States District Judge